UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELLY S. JONES,

                       Plaintiff,

   v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

                       Defendant.

Case No. 3:10-cv-05483-RJB-KLS

ORDER ADOPTING REPORT AND RECOMMENDATION AND AFFIRMING ADMINISTRATIVE DECISION

The Court, having reviewed plaintiff's complaint, the Report and Recommendation of Judge Karen L. Strombom , United States Magistrate Judge (Dkt. 21), objections to the Report and Recommendation (Dkt. 22), defendant's response to the objections (Dkt. 23), plaintiff's reply (Dkt. 24), and the remaining record, does hereby find and **ORDER**:

(1) Plaintiff's objections to the Report and Recommendation (Dkt. 22) were carefully reviewed. In those objections, plaintiff raises issues that she raised previously, and that were rejected by the magistrate judge, in a clear and thorough Report and Recommendation.

(2) In her reply, plaintiff provided a May 20, 2011 decision by Administrative Law Judge Helen Francine Strong, finding that plaintiff has been under a disability, as defined by

ORDER - 1

the Social Security Act since July 27, 2009, the amended alleged onset date of disability. Dkt. 24-1, at 5-8. Plaintiff *sua sponte* renoted consideration of the Report and Recommendation, stating that she "has no objection to the Commissioner filing a surreply in which he may address" the issue raised in the Reply. Dkt. 24, at 3. Although plaintiff raised a new issue in the Reply, no surreply is necessary. Accordingly, the Report and Recommendation is ready for consideration.

Plaintiff contends that, based upon the May 20, 2011 decision of the ALJ, the court should "remand this case for a new hearing to allow further consideration of the factual issues, in order to determine whether the outcome of the first application should be different", citing *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010) and *Bradley v. Barnhart*, 463 F.Supp.2d 577 (S.D.W.Va. 2006). Dkt. 24, at 2. *Luna* and *Bradley* are distinguishable from this case. In *Luna*, the case was remanded to the Social Security Administration because the record was inadequate to determine what evidence had been submitted to support the two applications for benefits, when the later decision was favorable to plaintiff and there was one day between the denial of the first application for benefits and the alleged onset date of second, and successful, application for benefits. In the case before this court, the record is not inadequate. In *Bradley*, the district court found that there was a reasonable possibility that the new evidence the claimant submitted in her second, and favorable decision, might have changed the outcome in the first proceeding, and remanded the case to the Social Security Administration on that basis.

In the case before this court, the second, favorable decision plaintiff received was based upon the testimony of Dr. Johnson, who reviewed the record. The record was not unclear, as it was in *Luna*, nor was there new evidence submitted in the second, favorable proceeding, that might have changed the outcome of the first proceeding, as occurred in *Bradley*. Dr. Johnson's opinion, during the proceedings on plaintiff's second application for benefits, was merely another medical opinion, based solely on what appears to have been the medical evidence already in the record in regard to the first application. The case authority does not support plaintiff's position that the case should be remanded.

Further, finality is an important consideration in this case. Plaintiff had—and pursued—the process prescribed in the statutes and regulations for filing a second application for benefits. Once proceedings are concluded, plaintiff should not be permitted to continue to pursue her original claims, by obtaining further opinions on the evidence submitted during the first proceedings.

Finally, in her second application for benefits, plaintiff alleged a disability onset date of July 27, 2009, two months after the date of the ALJ decision denying her first application for benefits. Plaintiff has submitted no new evidence that she was disabled before July 27, 2009. Plaintiff's request for remand, based upon her success in obtaining benefits in her second application for benefits, is without merit.

(3) The court concurs with the conclusions and recommendations of the magistrate judge. Accordingly, the Court **ADOPTS** the Report and Recommendation (Dkt. 21).

(4) The administrative decision is **AFFIRMED**.

(5) The Clerk is directed to send copies of this Order to plaintiff's counsel, defendant's counsel and Magistrate Judge Karen L. Strombom.

DATED this 7th day of June, 2011.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER - 4