UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHELLY S. JONES,

                              Plaintiff,

       v.

CAROLYN W. COLVIN, Commissioner of
Social Security, [1]

                              Defendant.

Case No. 3:10-cv-05483-RJB-KLS

REPORT AND RECOMMENDATION
GRANTING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY FEES,
COSTS AND EXPENSES PURSUANT TO
28 U.S.C. § 2412

Noted for June 28, 2013

       This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4.  This matter comes before the Court on

plaintiff's filing of an amended motion for attorney fees, costs and expenses pursuant to the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  After reviewing plaintiff's motion,

defendant's response to that motion, plaintiff's reply thereto, and the remaining record, the Court

finds that for the reasons set forth below plaintiff's motion should be granted to the extent that

she is entitled to attorney fees in the amount of $18,036.80, costs in the amount of $333.60 and

expenses in the amount of $166.87.

FACTUAL AND PROCEDURAL HISTORY

       On May 4, 2011, the undersigned issued a Report and Recommendation, recommending

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration.  Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for
Commissioner Michael J. Astrue as the Defendant in this suit.  **The Clerk of Court is directed to update the
docket accordingly.**

REPORT AND RECOMMENDATION - 1

that defendant's decision to deny plaintiff's application for disability insurance benefits be

affirmed. See ECF #21.  That Report and Recommendation was adopted by the Court on June 7,

2011. See ECF #26.  Plaintiff appealed the Court's decision, raising the following issues for the

Ninth Circuit's consideration:

a.   The administrative law judge ("ALJ") failed to properly indentify all of the claimant's severe impairments and failed to properly consider all of the functional limitations caused by all of the claimant's impairments.

b.   The ALJ failed to properly evaluate the medical evidence.

c.   The ALJ failed to properly evaluate the claimant's testimony regarding her symptoms and limitations.

d.   The ALJ failed to properly evaluate lay witness evidence.

e.   The ALJ improperly determined the claimant's residual functional capacity.

f.   The ALJ erroneously found that the claimant can perform her past relevant work.

g.   The ALJ erred by relying on the Medical-Vocational Guidelines.

h.   New evidence supports a finding of disability and/or supports remand of this claim for a new hearing.

See Jones v. Astrue, Case No. 11-35660, ECF #9, pp. ii-iii.  Plaintiff requested relief in the form

of reversal of defendant's decision and an outright award of benefits, or in the alternative remand

for further administrative proceedings. See id. at pp. 61-62.

In a decision dated December 31, 2012, the Ninth Circuit reversed this Court's decision

on the following two grounds: (1) "the ALJ failed to provide 'specific and legitimate reasons

supported by substantial evidence in the record' for rejecting the July 2007 opinion"[2] of Dr.

George Dueber; and (2) "the ALJ's adverse credibility determination . . . was not supported by

---

[2] Quoting Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotation marks omitted).

REPORT AND RECOMMENDATION - 2

1  substantial evidence." ECF #32, p. 2.  Rather than granting plaintiff's request for an award of

2  benefits, however, the Ninth Circuit remanded this matter for further administrative proceedings.

3  See id. at p. 3.  On May 1, 2013, plaintiff filed her amended motion for attorney fees, costs and

4  expenses pursuant to the EAJA.  See ECF #36.  That motion was referred to the undersigned on

5  May 20, 2013.  See motion(s) referral on ECF, dated May 20, 2013.  As defendant has filed her

6  response to plaintiff's motion, and plaintiff has filed her reply thereto, this matter is now ripe for

7  the Court's review.

8

9                                    DISCUSSION

10     The EAJA provides in relevant part:

11          Except as otherwise specifically provided by statute, a court shall award to a
            prevailing party other than the United States fees and other expenses, in
12          addition to any costs awarded pursuant to subsection (a), incurred by that
            party in any civil action (other than cases sounding in tort), including
13          proceedings for judicial review of agency action, brought by or against the
            United States in any court having jurisdiction of that action, unless the court
14          finds that the position of the United States was substantially justified or that
            special circumstances make an award unjust.
15

16  28 U.S.C. § 2412(d)(1)(A).  Thus, to be eligible for attorney fees under the EAJA: (1) the

17  claimant must be a "prevailing party"; (2) the government's position must not have been

18  "substantially justified"; and (3) no "special circumstances" exist that make an award of attorney

19  fees unjust.  Commissioner, Immigration and Naturalization Service v. Jean, 496 U.S. 154, 158

20  (1990).

21

22     In Social Security disability cases, "[a] plaintiff who obtains a sentence four remand is

23  considered a prevailing party for purposes of attorneys' fees."  Akopyan v. Barnhart, 296 F.3d

24  852, 854 (9th Cir. 2002) (citing Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993). [3]  Such a

25

26  _____

[3] Section 405(g) of Title 42 of the United States Code "authorizes district courts to review administrative decisions
in Social Security benefit cases." Id., 296 F.3d at 854.  Sentence four and sentence six of Section 405(g) "set forth
the exclusive methods by which district courts may remand [a case] to the Commissioner." Id.  "The fourth sentence

REPORT AND RECOMMENDATION - 3

plaintiff is considered a prevailing party even when the case is remanded for further

administrative proceedings. Id.  There is no issue here as to whether plaintiff is a prevailing party

given that as discussed above, the Ninth Circuit remanded this case for further administrative

proceedings.  In addition, defendant does not argue that there are – nor do there appear to be –

any special circumstances making an award of attorney's fees unjust.

I.     Substantial Justification

         As noted above, to be entitled to attorney fees under the EAJA, defendant's position must

not be "substantially justified." Jean, 496 U.S. at 158.  Normally, for defendant's position to be

"substantially justified," this requires an inquiry into whether defendant's conduct was "'justified

in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person"

– and "had a 'reasonable basis both in law and fact.'" Gutierrez v. Barnhart, 274 F.3d 1255, 1258

(9th Cir. 2001) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)); Penrod v. Apfel, 54

F.Supp.2d 961, 964 (D. Ariz. 1999) (citing Pierce, 487 U.S. at 565); see also Jean, 496 U.S. at

158 n.6; Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995).  As such, this "does not mean

'justified to a high degree.'" Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998) (quoting

Pierce, 487 U.S. at 565).  On the other hand, "the test" for substantial justification "must be more

than mere reasonableness." Kali v. Bowen, 854 F.2d 329, 331 (9th Cir. 1988).

---

of § 405(g) authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the
[Commissioner], with or without remanding the cause for a rehearing." Melkonyan v. Sullivan, 501 U.S. 89, 98
(1991); see also Akopyan, 296 F.3d at 854 (sentence four remand is "essentially a determination that the agency
erred in some respect in reaching a decision to deny benefits.")  A remand under sentence four thus "becomes a final
judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon
expiration of the time for appeal." Akopyan, 296 F.3d at 854.  A sentence six remand, on the other hand, "may be
ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or
where new, material evidence is adduced that was for good cause not presented before the agency." Id.
Accordingly, "[u]nlike sentence four remands, sentence six remands do not constitute final judgments." Id. at 855.
Instead, "'[i]n sentence six cases, the filing period [for motions for EAJA attorney's fees] does not begin until after
the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and
the appeal period runs.'" Id. (citing Melkonyan, 501 U.S. at 102).

REPORT AND RECOMMENDATION - 4

Defendant has the burden of establishing substantial justification. See Gutierrez, 274 F.3d at 1258.  Defendant's position must be "*as a whole*, substantially justified." Gutierrez, 274 F.3d at 1258-59 (emphasis in original).  That position also "must be 'substantially justified' at 'each stage of the proceedings.'" Corbin, 149 F.3d at 1052 ("Whether the claimant is ultimately found to be disabled or not, the government's position at each [discrete] stage [in question] must be 'substantially justified.'") (citations omitted); see also Hardisty v. Astrue, 592 F.3d 1072, 1078 (9th Cir. 2010) ("[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified.").  Accordingly, the government must establish that it was substantially justified both in terms of "the underlying conduct of the ALJ" and "its litigation position defending the ALJ's error." Gutierrez, 274 F.3d at 1259.  As the Ninth Circuit further explained:

> The plain language of the EAJA states that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *Jean*, 496 U.S. at 159, 110 S.Ct. 2316 (explaining that the "position" relevant to the inquiry "may encompass both the agency's prelitigation conduct and the [agency's] subsequent litigation positions").  Thus we "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988).

Id.; see also Kali, 854 F.2d at 332 (noting government's position is analyzed under "totality of the circumstances" test)[4]; Thomas v. Peterson, 841 F.2d 332, 334-35 (9th Cir. 1988).  Indeed, the Ninth Circuit has explicitly stated that "[i]t is difficult to imagine any circumstance in which the

---

[4] As the Ninth Circuit put it in a later case: "[i]n evaluating the government's position to determine whether it was substantially justified, we look to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation." Sampson v. Chater, 103 F.3d 918, 921 (9th Cir. 1996).

REPORT AND RECOMMENDATION - 5

government's decision to defend its actions in court would be substantially justified, but the

underlying decision would not." <u>Sampson</u>, 103 F.3d at 922 (quoting <u>Flores</u>, 49 F.3d at 570 n.11).

The EAJA does create "a presumption that fees will be awarded unless the government's

position was substantially justified." <u>Thomas</u>, 841 F.2d at 335; <u>see also</u> <u>Flores</u>, 49 F.3d at 569

(noting that as prevailing party, plaintiff was entitled to attorney's fees unless government could

show its position in regard to issue on which court based its remand was substantially justified).

Nevertheless, "[t]he government's failure to prevail does not raise a presumption that its position

was not substantially justified." <u>Kali</u>, 854 F.2d at 332, 334; <u>Thomas</u>, 841 F.2d at 335.

Defendant argues the government was substantially justified in defending the errors the

Ninth Circuit found the ALJ committed.  Specifically, defendant argues this is because the two

issues upon which the Ninth Circuit reversed and remanded this matter had a reasonable basis in

law and fact based on the evidence in the record.  The undersigned disagrees.  As noted above,

the government's position not only must be "*as a whole*, substantially justified," but it also must

be substantially justified "'at each [discrete] stage of the proceedings'" in question. <u>Gutierrez</u>,

274 F.3d at 1258-59 (emphasis in original); <u>Corbin</u>, 149 F.3d at 1052.  Thus, the "focus [is] on

whether the government's position on the particular issue on which the claimant earned remand

was substantially justified, not on whether the government's ultimate disability determination

was substantially justified." <u>Hardisty</u>, 592 F.3d at 1078; <u>see also</u> <u>Flores</u>, 49 F.3d at 569 (stating

claimant was entitled to attorney's fees unless Commissioner could show "that her position with

respect to the issue on which the court based its remand was 'substantially justified'").

Substantial justification will not be found where the government defends "on appeal . . .

'basic and fundamental' procedural mistakes made by the ALJ." <u>Lewis v. Barnhart</u>, 281 F.3d

1081, 1085 (9th Cir. 2002) (quoting <u>Corbin</u>, 149 F.3d at 1053).  In <u>Corbin</u>, the Ninth Circuit

REPORT AND RECOMMENDATION - 6

1    found "the failure to make [specific] findings" and "weigh evidence" to be "serious" procedural

2    errors, making it "difficult to justify" the government's position on appeal in that case. Corbin,

3    149 F.3d at 1053.  In Shafer v. Astrue, 518 F.3d 1067, 1072 (9th Cir. 2008), the Ninth Circuit

4    found the ALJ "committed the same fundamental procedural errors" noted in Corbin in failing

5    "to provide clear and convincing reasons for discrediting [the claimant's] subjective complaints,"

6    and "to make any findings regarding" the diagnosis of a non-examining medical expert.  The

7    Court of Appeals went on to find the ALJ committed additional procedural errors not present in

8

9    Corbin, including rejecting "a treating physician's opinion in favor of a non-treating physician's

10   opinion without providing clear and convincing reasons." Id.

11          The errors found by the Ninth Circuit in this case are of the same nature as those pointed

12   out in Corbin and Shafer.  As noted above, the Ninth Circuit held that the ALJ "failed to provide

13   'specific and legitimate reasons supported by substantial evidence in the record' for rejecting the

14   July 2007 opinion" of Dr. Dueber, one of her treating physicians. ECF #21, p. 6; ECF #32, p. 2.

15   This failure to make "specific" and legitimate findings is the type of "basic and fundamental"

16   error that makes it difficult to justify substantial justification on the government's part in this

17   case. Lewis, 281 F.3d at 1085; Corbin, 149 F.3d at 1053.  The same is true in regard to the ALJ's

18   failure to provide clear and convincing reasons for discounting plaintiff's credibility concerning

19   her subjective complaints. See ECF #32, pp. 2-3; Shafer, 518 F.3d at 1072.  The government's

20   position, therefore, cannot be said to be substantially justified here.

21

22

23   II.    Reasonableness

24          Before granting attorney fees sought pursuant to the EALJA, the Court further must

25   determine whether those fees are "reasonable." Jean, 496 U.S. at 161; 28 U.S.C. § 2412(d)(1)(A)

26   ("'fees and other expenses' includes . . . reasonable attorney fees").  The test to be used in

REPORT AND RECOMMENDATION - 7

determining what attorney fees are reasonable was set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983), which dealt with recovery of attorney fees under 42 U.S.C. § 1988.  That test "also is applicable to awards of fees under the EAJA." Sorenson v. Mink, 239 F.3d 1140, 1145 n.2 (9th Cir. 2001) (citing Jean, 496 U.S. at 161 (once private litigant has met eligibility requirements for EAJA fees, district court's task of determining what fee is reasonable is essentially same as that described in Hensley)); see also Haworth v. State of Nevada, 56 F.3d 1048, 1051 (9th Cir. 1995) (case law construing what is "reasonable" fee applies uniformly to all federal fee-shifting statutes) (quoting City of Burlington v. Dague, 505 U.S. 557, 562, 112 S.Ct. 2638, 2641 (1992)).

In determining "the amount of a reasonable fee," the "most useful starting point" for the Court "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433.  To that end, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." Id.  "Where the documentation of hours is inadequate," the Court "may reduce the award accordingly." Id.  Further, the Court "should exclude from this initial fee calculation hours that were not 'reasonably expended,'" and "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434.

"The product of reasonable hours times a reasonable rate," however, "does not end the inquiry." Id.  Rather "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Id.  As the Supreme Court went on to explain, the "results obtained" factor:

> . . . is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

REPORT AND RECOMMENDATION - 8

In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants . . . counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been "expended in pursuit of the ultimate result achieved." The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

It may well be that cases involving such unrelated claims are unlikely to arise with great frequency. Many . . . cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.

. . .

There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This

REPORT AND RECOMMENDATION - 9

discretion, however, must be exercised in light of the considerations we have
identified.

A request for attorney's fees should not result in a second major litigation.
Ideally, of course, litigants will settle the amount of a fee. Where settlement is
not possible, the fee applicant bears the burden of establishing entitlement to
an award and documenting the appropriate hours expended and hourly rates.
The applicant should exercise "billing judgment" with respect to hours
worked, and should maintain billing time records in a manner that will enable
a reviewing court to identify distinct claims.

We reemphasize that the district court has discretion in determining the
amount of a fee award. This is appropriate in view of the district court's
superior understanding of the litigation and the desirability of avoiding
frequent appellate review of what essentially are factual matters. It remains
important, however, for the district court to provide a concise but clear
explanation of its reasons for the fee award. When an adjustment is requested
on the basis of either the exceptional or limited nature of the relief obtained by
the plaintiff, the district court should make clear that it has considered the
relationship between the amount of the fee awarded and the results obtained.

Id. at 434-37 (internal footnotes and citations omitted).  The Supreme Court concluded:

We hold that the extent of a plaintiff's success is a crucial factor in
determining the proper amount of an award of attorney's fees . . . Where the
plaintiff has failed to prevail on a claim that is distinct in all respects from his
successful claims, the hours spent on the unsuccessful claim should be
excluded in considering the amount of a reasonable fee. Where a lawsuit
consists of related claims, a plaintiff who has won substantial relief should not
have his attorney's fee reduced simply because the district court did not adopt
each contention raised. But where the plaintiff achieved only limited success,
the district court should award only that amount of fees that is reasonable in
relation to the results obtained. . .

Id. at 440.

Defendant argues "a reduction for limited success is warranted" in this case because (1)

despite plaintiff having filed 145 pages of district court and court of appeals briefing raising

some seven issues, the Ninth Circuit reversed this matter based on only two of those issues, and

(2) the Ninth Circuit reversed and remanded it for further administrative proceedings rather than

for an outright award of benefits. ECF #37, pp. 9-10.  Rather, defendant "suggests that a fee

REPORT AND RECOMMENDATION - 10

award based on 60% of the hours [plaintiff's] counsel expended on this matter is more than

reasonable." Id. at p. 10.  The undersigned disagrees that a fee reduction should be made in that

amount or on the above asserted bases.

First, the undersigned finds the fact that plaintiff did not prevail on all – or even most – of

the claims she raised to be a problematic basis for limiting the amount of attorney fees requested.

This appears to essentially be the same as seeking a reduction in fees on the basis that plaintiff

did not prevail on all the *claims* she raised.  But as the Supreme Court noted in Hensley, attorney

fees should not be awarded only in regard "claims for relief that are based on different facts and

legal theories," as opposed to those claims that "involve a common core of facts" or that are

"based on related legal theories." 461 U.S. at 434-35.[5]  As pointed out by one district court,

though, Social Security cases are more "akin to a single claim for relief based on one set of facts

and involving related legal theories." Kham Singmoungthong v. Astrue, 2011 WL 2746711 *8

(E.D. Cal., July 13, 2011) (noting further that in "single claim for relief" cases "attorneys are not

likely to itemize their billing entries according to specific arguments") (citing Hensley, 461 U.S.

at 435)[6]; Belcher v. Astrue, 2010 WL 5111435 *3 (E.D. Cal., December 9, 2010) (same).

The undersigned further agrees with the above district court that reducing the attorney's

fee award "proportionally to the amount of pages dedicated to briefing the issue upon which

remand was based, . . . or engaging in any other method for determining the amount of time

spent on a single argument, would be speculative, at best." Kham Singmoungthong, 2011 WL

---

[5] Indeed, as noted above, the Supreme Court at the end of its opinion expressly stated that "the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee," only "[w]here the plaintiff has failed to prevail on a claim that is distinct *in all respects* from his successful claims." See id. at 440 (emphasis added).

[6] In Hensley, the Supreme Court also noted that "[m]uch of counsel's time [in single claim cases] will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis," such that those cases "cannot be viewed as a series of discrete claims" making them easily amenable to appropriate fee division. 461 U.S. at 435.

REPORT AND RECOMMENDATION - 11

1   2746711 at *8; <u>Belcher</u>, 2010 WL 2010 WL 5111435 at *3 (same).[7]   Indeed, defendant provides

2   no explanation as to why she believes a reduction to 60% of the requested amount of attorney's

3   fees – or to 50%, 40% or 30%, for that matter, given that plaintiff prevailed on only two of the

4   issues she raised – is appropriate.  Indeed, at least where "excellent results" have been obtained,

5   the Supreme Court has rejected use of "a mathematical approach comparing the total number of

6   issues in the case with those actually prevailed upon," since "[s]uch a ratio provides little aid in

7   determining what is a reasonable fee in light of all the relevant factors." <u>Hensley</u>, 461 U.S. at 435

8   and n. 11 (internal quotation marks omitted).

9

10         This is because in cases where excellent results have been obtained, "[l]itigants in good

11  faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or

12  failure to reach certain grounds is not a sufficient reason for reducing a fee." <u>Id.</u> at 435.  Rather,

13  "[t]he result is what matters." <u>Id.</u>  Here, there is no indication that plaintiff acted in bad faith in

14  raising the issues that she did, even though again she prevailed only on two of them.  It is true

15  that the Ninth Circuit did not grant plaintiff's primary request for relief – i.e., an award of

16  benefits – but it is not "necessarily significant that a prevailing plaintiff did not receive all the

17  relief requested." <u>Id.</u> at n. 11.  For example, even though a plaintiff may not obtain all the relief

18  requested, he or she still "may recover a fee award based on all hours reasonably expended if the

19  relief obtained justified that expenditure of attorney time." <u>Id.</u> at 435.

20

21         On the other hand, "[a] reduced fee award" will be deemed "appropriate if the relief,

22  however significant, is limited in comparison to the scope of the litigation as a whole." <u>Id.</u> at

23  440.  The undersigned finds the relief plaintiff received from the Ninth Circuit – reversal and

24  remand for further administrative proceedings – does constitute substantial relief that is not so

25

26

_____

[7] The undersigned further notes the Supreme Court's admonition that "[a] request for attorney's fees should not result in a second major litigation." <u>Hensley</u>, 461 U.S. at 437.

REPORT AND RECOMMENDATION - 12

limited as to warrant a reduction in attorney's fees merely because she did not obtain her primary

form of requested relief.  As another district court explained in a similar case:

> Although the Court found that the ALJ only committed a single reversible
> error, that error was significant.  As a result, Plaintiff obtained a remand for
> further proceedings. . . . The degree of success obtained is substantial because,
> depending on the character of the new evidence, the ALJ may change some or
> all of the findings this Court affirmed. . . .  Undoubtedly, Plaintiff's objective
> is to obtain a finding of disability during the operative period; this Court's
> order of remand enables Plaintiff to move forward with his claim.  As such,
> the Court declines to reduce Plaintiff's fee request because there is parity
> between the relief obtained and the "scope of the litigation as a whole."

Denton v. Astrue, 2013 WL 673860 *3 (D. Ore., February 25, 2013) (quoting Hensley, 461 U.S.

at 440).[8]  Likewise, in this case the Ninth Circuit reversed the ALJ's rejection of key issues with

respect to both the objective medical evidence and plaintiff's credibility regarding her subjective

complaints.  As in Denton, although plaintiff did not achieve her primary objective, the Ninth

Circuit's reversal allows her to move forward with her claim, and – depending upon what occurs

on remand – she may eventually prevail in terms of that objective as well.

        Defendant next argues a reduction in plaintiff's requested attorney's fees is warranted on

the basis that plaintiff did not correctly format her briefing before this Court prior to her appeal

to the Ninth Circuit.  Specifically, defendant asserts plaintiff's failure to double space her briefs

allowed her to prepare more than permitted.  It is true that plaintiff was required to use double

spacing in her briefing.  See Local Rule MJR 10(e)(1).  It also appears that plaintiff's briefs were

not in compliance with this requirement.  See ECF #15, #20, #22, #24.  The undersigned finds,

---

[8] In addition, as plaintiff points out, only 3% of all Social Security disability appeals cases that make it to federal court are reversed and remanded for an outright award of benefits.  See Fiscal Year 2012 Workload Data: Disability Decisions, http://www.ssa.gov/foia/resources/proactivedisclosure/FY12%20Workload%20Data-Total.pdf.  As such, if defendant's position were adopted by this Court, in almost all cases this would result in a substantial reduction in the amount of attorney fees being granted plaintiffs who successfully achieve reversal of the administrative denial of their applications for disability benefits, thereby frustrating the specific purpose of the EAJA, which "is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." Jean, 496 U.S. at 163.

REPORT AND RECOMMENDATION - 13

though, that while plaintiff – like any other party appearing before the Court – is expected to comply with all Local Rules, any advantage she may have gained from this failure to comply was not such that a reduction in attorney's fees is warranted in this instance.  Indeed, it would seem it had no effect, as this Court ultimately affirmed the ALJ's decision.

Defendant further suggests the amount of requested attorney's fees should be reduced by the 1.5 hours plaintiff's counsel billed for a brief she filed replying to defendant's response to her objections to the undersigned's Report and Recommendation. See ECF #24 and #36-3, p. 1. This is because, defendant argues, no such reply brief is contemplated by statute, federal civil rule or this Court's own Local Rules.  But as plaintiff points out, there was no actual prohibition against filing an objections reply brief at the time she filed hers in this case. See Federal Rule of Civil Procedure ("Fed. R. Civ. P." 72(b); Local Rule MJR 72(b) (adopted December 1, 2009). Indeed, only subsequently to that filing were the Court's Local Rules amended to state that "[n]o reply will be considered." Local Rule MJR 72(b) (adopted December 1, 2012).  Defendant's suggestion thus is rejected.

On the other hand, the undersigned agrees with defendant that plaintiff's attorney fees request should be reduced because that work involved clerical tasks.  In support of her argument, defendant relies on Missouri v. Jenkins, 491 U.S. 274 (1989), in which the Supreme Court – in a case dealing with the issue of whether it is appropriate to bill work performed by paralegals, law clerks and recent law school graduates at prevailing market rates pursuant to 42 U.S.C. § 1988 – commented that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Id. at 288 n. 10 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717 (5th Cir. 1974); see also Davis v. City and County of San Fancisco, 976 F.2d 1536, 1543 (9th Cir. 1992) (noting as well that "[i]t simply is not reasonable for a lawyer to

REPORT AND RECOMMENDATION - 14

1   bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a

2   much lower cost.").  The Supreme Court went on to state:

3           What the [Fifth Circuit in Johnson] said in regard to the work of attorneys is
        applicable by analogy to paralegals: "It is appropriate to distinguish between
4       legal work, in the strict sense, and investigations, clerical work, compilation
        of facts and statistics and other work which can often be accomplished by
5       non-lawyers but which a lawyer may do because he has no other help
        available.  Such non-legal work may command a lesser rate.  Its dollar value is
6       not enhanced just because a lawyer does it."

7   Id.  Accordingly, Missouri is equally applicable to work performed by attorneys, even where the

8   attorney may have to perform it because he or she "has no other help available." Id. at 288 n. 10

9
10  (quoting Johnson, 488 F.2d at 717).

11          While the Court agrees with plaintiff that drafting legal documents such as the complaint

12  falls within the definition of "legal work," the filing of such documents does not.  That is, the

13  task of filing documents itself clearly is a clerical task that can be performed by a non-attorney.

14  Accordingly, the Court finds it appropriate to reduce the number of hours billed by plaintiff's

15
    counsel[9] for the following clerical tasks:
16

17      •   0.1 hours (6/1/2010: "File Review")
        •   0.1 hours (7/8/2010: "Filed Complaint")
18      •   0.1 hours (8/16/2010: "Filed Declaration of Net Worth")
        •   0.1 hours (10/6/2010: "Filed Notice of Appearance")
19      •   0.1 hours (11/1/2010: "filed opening brief")

20
    _____
21  [9] Also in dealing with the issue of billing for clerical tasks at paralegal rates, the Ninth Circuit has stated that such
    tasks should be "subsumed in firm overhead rather than billed at paralegal rates," and that when they "are billed at
22  hourly rates, the court should reduce the hours requested to account for the billing errors." Nadarajah v. Holder, 569
    F.3d 906, 921 (9th Cir. 2009) (citing Davis, 976 F.2d at 1543 (finding five percent reduction in total number of
23  hours claimed "more than compensated" for time challenged as improperly billed); Action on Smoking and Health
    v. C.A.B., 724 F.2d 211, 222-23 (D.C. Cir. 1984) (deeming it appropriate to reduce claim of hours reasonably
    expended by 25% for hours spent on issue on which client did not prevail, duplicative hours, hours unnecessarily
24  expended, and hours spent performing non-legal tasks).  As such, the undersigned finds that the proper approach
    here is to reduce the appropriate number of hours improperly billed for clerical tasks by plaintiff's attorney by the
25  actual number of such hours billed.  In Davis, the billing attorney voluntarily reduced the number of hours sought by
    five percent, while in Action the Federal Circuit did not state what portion of the 25 percent imposed reduction it
26  was attributing to the hours spent performing non-legal tasks.  In Nadarajah, however, the Ninth Circuit reduced the
    number of reasonably claimed hours by the actual number of hours found to be improperly billed. See 569 F.3d at
    921.  Given that this is the approach the Ninth Circuit most recently has adopted and that it is fully consistent with
    its holding that clerical task work should be subsumed in firm overhead, the Court adopts it as well.

    REPORT AND RECOMMENDATION - 15

- 0.1 hours (1/10/2011: "filed reply brief")
- 0.1 hours (5/18/2011: "filed Objections")
- 0.1 hours (6/2/2011: "filed Objections reply")
- 0.1 hours (6/2/2011: "Filed Motion to Re-Note Objections")
- 0.1 hours (8/5/2011: "Filed 9th Circuit appeal")
- 0.1 hours (8/10/2011: "filed mediation questionnaire")

- 0.1 hours (1/5/2012: "filed 9th opening brief")
- 0.1 hours (6/19/2012: "filed 9th Reply Brief")
- 0.1 hours (12/5/20112: "Filed 28(j) letter")

- 0.1 hours (4/30/2013: "filed EAJA Motion")

See ECF #36-3.  The attorney fees plaintiff requests, therefore, should be reduced by a total of $269.61, calculated as follows: $87.53 (2010: 0.5 hours x $175.06/hour); $108.35 (2011: 0.6 hours x $180.59/hour); $55.30 (2012: 0.3 hours x $184.32); $18.43 (2013: 0.1 hours x $184.32).  See id.

Lastly, plaintiff takes issue with defendant's assertion that the total number of hours her attorney billed is unreasonable in terms of the actual amount of time needed by an attorney in order to prosecute this case.  The undersigned agrees, but only with respect to the amount of time billed by plaintiff's attorney for work performed on the Ninth Circuit opening brief.  The Court "has discretion in determining the amount of a fee award." Hensley, 461 U.S. at 434; see also Oklahoma Aerotronics, Inc. v. United States, 943 F.2d 1344, 1347 (D.C. Cir. 1991) ("[T]he determination of how much to trim from a claim for fees is committed to the court's discretion.") (citing Pierce v. Underwood, 487 U.S. 552, 571 (1988)).  It must, though, "provide a concise but clear explanation of its reasons for the fee award" it grants. Hensley, 461 U.S. at 437.

Plaintiff's attorney spent a total of 25.5 hours drafting and editing the opening brief she

REPORT AND RECOMMENDATION - 16

submitted to the Ninth Circuit. See ECF #36-3.[10]  Of the 62 pages that make up the body of that brief, some 38 pages – or more than 61% – thereof, which contain portions of text and argument culled directly from the opening brief filed with this Court, and which reads verbatim or nearly verbatim therewith. Compare ECF #15 with Jones, Case No. 11-35660, ECF #9.  It is entirely unclear, therefore, why it took plaintiff's attorney more than one and a half times the number of hours to draft and edit the Ninth Circuit opening brief as it did the one plaintiff earlier filed with this Court (15.6). See ECF #36-3, p. 1.  As such, taking into consideration the additional work required to incorporate that text into plaintiff's Ninth Circuit opening brief and draft the other portions thereof, the undersigned finds it appropriate to reduce the number of hours expended in drafting and editing that brief by 50%.

Accordingly, attorney fees requested for work done drafting and editing plaintiff's Ninth Circuit opening brief should be reduced by a total of $2,343.55, calculated as follows: $316.03 (2011: 3.5 hours x 0.5 x $180.59) and $2,027.52 (2012: 22.0 hours x 0.5 x $184.32).  Further, as discussed above, the amount of such fees being requested should be reduced by an additional $269.61 for improperly billed clerical tasks.  The total amount of attorney fees plaintiff should be awarded, therefore, is $18,036.80, calculated as follows: $20,649.96[11] - ($2,343.55 + $269.61).

## CONCLUSION

For all of the foregoing reasons, the undersigned recommends that plaintiff's amended

---

[10] Plaintiff's documentation actually shows she spent a total of 25.6 hours preparing, editing and filing the opening brief.  As discussed above, though, the undersigned already has deducted 0.1 hours from the total amount of attorney fees requested for the clerical task of filing that brief.

[11] This includes plaintiff's request for attorney fees in the original amount of $20,097.00 plus an additional $552.96 in attorney fees for three hours of work performed drafting her reply to defendant's response to her attorney fees motion of $184.32 per hour. See Jean, 496 U.S. at 161-62 (stating that "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action," and that "the EAJA – like other fee-shifting statutes – favors treating a case as an inclusive whole") (citing Sullivan v. Hudson, 490 U.S. 877, 888 (1989) (stating where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded").

REPORT AND RECOMMENDATION - 17

1  motion for attorney's fees, costs and expenses pursuant to the EAJA (see ECF #36) be granted to

2  the extent that she is entitled to attorney fees in the amount of $18,036.80, costs in the amount of

3  $333.60 and expenses in the amount of $166.87.

4      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5  **fourteen (14) days** from service of this Report and Recommendation to file written objections

6

7  thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those

8  objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the

9  time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration

10 on **June 28, 2013**, as noted in the caption.

11     DATED this 7th day of June, 2013.

12

13

14

15                                 Karen L. Strombom
                                   United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

REPORT AND RECOMMENDATION - 18